UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JMC RESTAURANT HOLDINGS, LLC; AND
JMC RESTAURANT HOLDINGS
INTERNATIONAL, LLC,

                    *Plaintiffs,*

         - against -

MARCELO PEVIDA; JIA JU TAO; JOSEPH
SILVESTRI; DOES 1-10; AND ABC BUSINESS
ENTITIES 1-10,

                    *Defendants.*

Civil Action No. _____

**COMPLAINT AND JURY DEMAND**

CV 14   6157

KUNTZ, J.

SCANLON, M.J.

Plaintiffs, by and through their undersigned counsel, allege as follows:

## I.   THE PARTIES

1.    Plaintiff JMC Restaurant Holdings, LLC ("JMC") is an Arizona limited liability company organized and existing under the laws of the State of Arizona and authorized to transact business in the State of Arizona.

2.    Plaintiff JMC Restaurant Holdings International, LLC ("JMC International") is an Arizona limited liability company organized and existing under the laws of the State of Arizona and authorized to transact business in the State of Arizona.

3.    Defendant Marcelo Pevida ("Pevida") is, upon information and belief, an individual domiciled and residing in Woodside, New York, and conducts business in Brooklyn, New York.

4.    Defendant Jia Ju Tao ("Tao") is, upon information and belief, an individual domiciled and residing in Flushing, New York, and conducts business in Brooklyn, New York.

5.    Defendant Joseph Silvestri ("Silvestri") is, upon information and belief, an individual domiciled, residing, and conducting business in Brooklyn, New York.

1

6.     Defendants Does 1-10 and ABC Business Entities 1-10 are fictitiously named Defendants, the identities of which are currently unknown to Plaintiffs.

## II.     JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction under Sections 32, 34, and 43 of the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1121, 1125 and 1127, and under 28 U.S.C. §§ 1331 and 1338. This Court has jurisdiction over Plaintiffs' related state and common-law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

8.     This Court also has subject matter jurisdiction under 28 U.S.C. § 1332(a) because this action is one in which: (a) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and (b) complete diversity exists between Plaintiffs and Defendants who are residents of different states.

9.     This Court has personal jurisdiction over Defendants because each of them resides in New York and/or conducts significant business in New York, and took actions in New York which form the basis of Plaintiffs' claims.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because each Defendant regularly transacts, does and solicits business in this District, and is subject to personal jurisdiction in this District.

11.     Jurisdiction and venue are therefore proper in the United States District Court for the Eastern District of New York.

## III.     BACKGROUND FACTS COMMON TO ALL COUNTS

### A.     History Of Grimaldi's Pizzeria

12.     Grimaldi's Pizzeria is a famous pizzeria restaurant with its origins in Brooklyn, New York.

13.     Grimaldi's Pizzeria has operated as a pizzeria restaurant for over thirty (30) years and garnered fame and recognition in the United States and abroad as an iconic pizzeria restaurant.

14.     One of the distinctive features of the original Grimaldi's Pizzeria restaurant in Brooklyn, New York is its proximity to the Brooklyn Bridge.

15.     Distinctive characteristics of Grimaldi's Pizzeria restaurants include its coal-brick ovens, limited menu offerings, New York City inspired trade dress (including but not limited to red and white table settings and Brooklyn Bridge imagery), and word and design marks.

16.     Affiliated Grimaldi's Pizzeria restaurants operate in approximately forty (40) different locations in over ten (10) different states in the United States, including Arizona, California, Colorado, Florida, Idaho, Louisiana, Nevada, New Jersey, New York, Texas, and South Carolina.

17.     At various times during the restaurant's history, Grimaldi's Pizzeria has operated as PATSY'S PIZZERIA, PATSY GRIMALDI'S, PATSY GRIMALDI'S COAL-BRICK OVEN PIZZERIA, GRIMALDI'S PIZZERIA, and GRIMALDI'S COAL-BRICK OVEN PIZZERIA.

18.     The Grimaldi's Pizzeria restaurant gained widespread fame and recognition in the United States and abroad while operating under these marks.

### B.     The Grimaldi's Pizzeria Family Of Service Marks

19.     JMC owns all right, title, and interest in the United States in the intellectual property and trade dress associated with the Grimaldi's Pizzeria restaurants.

20.     Between October 7, 1996 and September 24, 2007, JMC's predecessor in interest owned the service mark PATSY GRIMALDI'S registered on the principal register of the United States Patent and Trademark Office at Reg. No. 2,148,345 for restaurant services in International Class 43.

21.     JMC owns all right, title, and interest in the United States in the service marks

GRIMALDI'S PIZZERIA, GRIMALDI'S COAL-BRICK OVEN PIZZERIA, and THE PIZZA

THAT MADE THE BROOKLYN BRIDGE FAMOUS for restaurant services.

22.     JMC owns the service mark GRIMALDI'S PIZZERIA registered on the principal register

of the United States Patent and Trademark Office at Reg. No. 2,871,214 for restaurant services in

International Class 43.

23.     JMC also owns the following service mark submitted for registration with the United

States Patent and Trademark Office at Ser. No. 86356312 for restaurant services in International

Class 43:



24.     JMC licenses its service marks for restaurant services, and the trade dress associated

therewith, to the operators of over forty (40) different Grimaldi's Pizzeria locations in over ten

(10) different states in the United States.

25.     JMC International owns the registered service mark GRIMALDI'S PIZZERIA for

restaurant services in over forty (40) different countries, including the People's Republic of

China.

26.     JMC International owns the service mark GRIMALDI'S PIZZERIA registered with the

Trademark Office of the People's Republic of China at International Reg. No. 1055797 for

restaurant services in International Class 43.

4

27.     JMC International owns the service mark GRIMALDI'S submitted for registration with the Trademark Office of the People's Republic of China for restaurant services in International Class 43.

28.     JMC International owns the following service mark submitted for registration with the Trademark Office of the People's Republic of China for restaurant services in International Class 43:



29.     JMC International has at no time licensed or otherwise authorized use of the service marks GRIMALDI'S PIZZERIA, GRIMALDI'S, or GRIMALDI'S COAL BRICK-OVEN PIZZERIA for restaurant services in the People's Republic of China.

**C.      Defendants Have No Relationship With Plaintiff**

30.     Plaintiffs have no business association or business affiliation with any Defendant.

31.     At no time has any Defendant owned a legitimate interest in the service marks GRIMALDI'S PIZZERIA, GRIMALDI'S COAL-BRICK OVEN PIZZERIA, or THE PIZZA THAT MADE THE BROOKLYN BRIDGE FAMOUS.

32.     At no time has any Defendant owned a legitimate interest in the service marks PATSY'S PIZZERIA, PATSY GRIMALDI'S, or PATSY GRIMALDI'S COAL-BRICK OVEN PIZZERIA.

33.     At no time has any Defendant acquired a right from JMC or JMC International to use the service marks GRIMALDI'S PIZZERIA, GRIMALDI'S COAL-BRICK OVEN PIZZERIA, or

THE PIZZA THAT MADE THE BROOKLYN BRIDGE FAMOUS in the United States, China, or any other jurisdiction.

34.     At no time has any Defendant acquired a right from JMC or JMC International to use the service marks PATSY'S PIZZERIA, PATSY GRIMALDI'S, PATSY GRIMALDI'S COAL-BRICK OVEN PIZZERIA for restaurant services in the United States, China, or any other jurisdiction.

### D.     Defendants' Deceptive Efforts To Trade On Plaintiffs' Service Marks, Trade Dress, And Goodwill

35.     Pevida and Tao own interests in or have participated in businesses operating nightclubs and/or restaurants in Brooklyn, New York.

36.     Pevida and Tao own interests in one or more businesses located on the same street and/or in the same building as the Grimaldi's Pizzeria restaurant located in Brooklyn, New York.

37.     Pevida and Tao know the owner the Grimaldi's Pizzeria restaurant located in Brooklyn, New York.

38.     Pevida and Tao are third-party defendants in a pending litigation action in the Supreme Court of the State of New York, Kings County, wherein claims for fraud, breach of contract, and defamation have been asserted against one and/or both of them by the owner of the entity operating the Grimaldi's Pizzeria restaurant located in Brooklyn, New York.

39.     For several years and until very recently, Silvestri served as en employee or independent contractor for the owner of the Grimaldi's Pizzeria restaurant operating in Brooklyn, New York.

40.     Silvestri's responsibilities included the management of kitchen operations at the Grimaldi's Pizzeria restaurant located in Brooklyn, New York.

41.     Defendants have been well acquainted with Grimaldi's Pizzeria restaurants and the Grimaldi's Pizzeria brand for many years.

42.     In or about 2013, Defendants conspired to open a pizzeria restaurant in Shanghai, China that mimics the Grimaldi's Pizzeria restaurants operating in the United States.

43.     Defendants conspired to use Plaintiffs' Grimaldi's Pizzeria service marks, trade dress, and goodwill without Plaintiffs' approval or authorization for the purpose of opening and operating a counterfeit Grimaldi's Pizzeria restaurant in Shanghai, China for profit.

44.     Upon information and belief, Defendants actively and successfully secured capital investment from several investors in the United States, including in New York, for a counterfeit Grimaldi's Pizzeria restaurant in Shanghai, China.

45.     Upon information and belief, Defendants formed or secured interests in one or more businesses in China for the purpose of owning and operating a counterfeit Grimaldi's Pizzeria restaurant in Shanghai, China.

46.     In 2014, Defendants, by and through their business interests in China, secured a location for the operation of a counterfeit Grimaldi's Pizzeria restaurant in Shanghai, China at 24-25 No. 320 Tianping Rd.

47.     In 2014, Defendants, by and through their business interests in China, secured the services of an international public relations company, GHC, to promote a counterfeit Grimaldi's Pizzeria restaurant located in Shanghai, China.

48.     In 2014, Defendants, by and through their business interests in China and GHC, actively promoted the counterfeit Grimaldi's Pizzeria restaurant as an affiliate of the Grimaldi's Pizzeria restaurant operations in New York.

49.     In or about July, 2014, Defendants successfully recruited cooks from the Grimaldi's Pizzeria restaurant located in Brooklyn, New York to open a counterfeit Grimaldi's Pizzeria restaurant in Shanghai, China.

50.     Upon information and belief, Defendants recruited cooks employed and/or contracted to work at the Grimaldi's Pizzeria restaurants with the intent to misappropriate recipes, knowhow, and trade secrets owned by Grimaldi's Pizzeria restaurants operators in the United States.

51.     In or about July, 2014, the international magazine publication Time Out published online articles under the titles "Grimaldi's" and "Famed New York pizza chain arrives in Shanghai" incorrectly identifying the counterfeit Grimaldi's Pizzeria restaurant as an affiliate of the Grimaldi's Pizzeria restaurants located in New York.

52.     Time Out published its article based on the representations made to it by one or more of Defendants' agents in China, including GHC.

53.     In or about July, 2014, operators of Grimaldi's Pizzeria restaurants in the United States began receiving inquiries from the consuming public regarding the anticipated opening of the counterfeit Grimaldi's Pizzeria restaurant in Shanghai, China.

54.     Operators of Grimaldi's Pizzeria restaurants continue to receive inquiries from the consuming public confusing the counterfeit Grimaldi's Pizzeria restaurant in Shanghai, China with Grimaldi's Pizzeria restaurants operating in the United States.

55.     In or about August 2014, Defendants, individually and by and through their business interests in China, caused the counterfeit Grimaldi's Pizzeria restaurant to open for business in Shanghai, China at 24-25 No. 320 Tianping Rd.

56.     Defendants, individually and by and through their business interests in China, control the operations of the counterfeit Grimaldi's Pizzeria restaurant located in Shanghai, China.

57.     Personnel working at the counterfeit Grimaldi's Pizzeria restaurant have confirmed to agents of JMC International that the restaurant is owned in partnership with "a New York partner."

8

58.    Individually and by and through their business interests in China, Defendants conceived of, developed, and operate the counterfeit Grimaldi's Pizzeria restaurant from New York with the express purpose of profiting from the intellectual property and good will associated with the Grimaldi's Pizzeria restaurants in the United States and owned by Plaintiffs, and deceiving the consuming public in China, the United States, and elsewhere for that purpose.

59.    Upon information and belief, Defendants have received and continue to receive benefits from the operations of the counterfeit Grimaldi's Pizzeria restaurant in Shanghai, China.

60.    The counterfeit Grimaldi's Pizzeria restaurant operating in Shanghai, China uses the trade dress associated with the Grimaldi's Pizzeria restaurants in the United States for profit without Plaintiffs' authorization.

61.    The counterfeit Grimaldi's Pizzeria restaurant operating in Shanghai, China uses the service marks GRIMALDI'S PIZZERIA, GRIMALDI'S COAL-BRICK OVEN PIZZERIA, GRIMALDI'S, THE PIZZA THAT MADE THE BROOKLYN BRIDGE FAMOUS, and/or the confusingly similar mark PATSY'S GRIMALDI'S COAL BRICK-OVEN PIZZERIA, without Plaintiffs' authorization.

62.    The counterfeit Grimaldi's Pizzeria restaurant operating in Shanghai, China uses the service marks GRIMALDI'S PIZZERIA, GRIMALDI'S COAL-BRICK OVEN PIZZERIA, and GRIMALDI'S, THE PIZZA THAT MADE THE BROOKLYN BRIDGE FAMOUS, and/or the confusingly similar mark PATSY'S GRIMALDI'S COAL BRICK-OVEN PIZZERIA, with the intent to confuse the consuming public in China, the United States, and elsewhere.

63.    Photographs evidencing the use of one or more of the foregoing marks by the counterfeit Grimaldi's Pizzeria restaurant in Shanghai, China are attached hereto as **Exhibit 1**.

64.     A comparison of Plaintiffs' design mark (on the left) and the counterfeit design mark

used by Defendants (on the right) is reflected below:

 

65.     The counterfeit Grimaldi's Pizzeria restaurant operating in Shanghai, China uses literary

and graphic works owned by Plaintiffs, including, but not limited to, descriptions of the history

of Grimaldi's Pizzeria restaurants and Grimaldi's Pizzeria menu design, for profit without

Plaintiffs' authorization and in violation of Plaintiffs' copyrights.

66.     The menu used at the counterfeit Grimaldi's Pizzeria copies, nearly word for word, and

without authorization, the restaurant description that appears on authorized Grimaldi's Pizzeria

restaurant menus and the GRIMALDISPIZZERIA.COM website, which is used to market and

promote Grimaldi's Pizzeria restaurants throughout the world, for the purpose of confusing the

consuming public in China, the United States, and elsewhere.

67.     A true and correct copy of the restaurant description as it appears on the

GRIMALDISPIZZERIA.COM website is attached hereto as **Exhibit 2**.

68.     A true and correct copy of restaurant description as it appears on the menus used by

authorized Grimaldi's Pizzeria restaurants is attached hereto as **Exhibit 3**.

69.     A true and correct copy of the infringing restaurant description as it appears on the menus

used by the counterfeit Grimaldi's Pizzeria restaurant in Shanghai, China is attached hereto as

**Exhibit 4**.

70.     The menu items sold by the counterfeit Grimaldi's Pizzeria restaurant in Shanghai, China

are similar to the menu items sold by authorized Grimaldi's Pizzeria restaurants.

71.    Upon information and belief, the counterfeit Grimaldi's Pizzeria restaurant in Shanghai, China uses recipes, knowhow, and trade secrets misappropriated by Defendants from Grimaldi's Pizzeria restaurant operators in the United States.

72.    Photographs of Pevida with assorted celebrities are prominently displayed at the counterfeit Grimaldi's Pizzeria restaurant in Shanghai, China.

73.    Copies of photographs evidencing the photographs of Pevida displayed at the counterfeit Grimaldi's Pizzeria restaurant in Shanghai, China are attached hereto as **Exhibit 5**.

74.    Upon information and belief, Pevida secured these photographs by paying fees for the right to have photographs taken with celebrities at one or more charitable or premiere events in the United States with the express purpose of using the photographs to promote the counterfeit Grimaldi's Pizzeria restaurant in Shanghai, China.

75.    In securing these photographs, Pevida knowingly and falsely represented he was an owner of and authorized Grimaldi's Pizzeria restaurant to the public, and his representation was published in Bloomberg Business Week in the United States.

76.    Defendants' unauthorized use of Plaintiffs' intellectual property and goodwill and false representations regarding their affiliation and/or common ownership in the Grimaldi's Pizzeria restaurants in the United States is willfully and maliciously intended to deceive, confuse, and mislead the consuming public, including inter alia Chinese and American consumers, into believing that pizza and other food and services sold at the counterfeit Grimaldi's Pizzeria restaurant in Shanghai, China is operated by, provided by, authorized by, or in some manner associated with Plaintiffs, which it is not.

77.    Defendants' unauthorized use of Plaintiffs' intellectual property and goodwill and false representations regarding their affiliation and/or common ownership in the Grimaldi's Pizzeria

restaurants in the United States is likely to deceive, confuse, and mislead the consuming public, including, but not limited to, Chinese and American consumers, into wrongly believing that pizza and other food and services sold at the counterfeit Grimaldi's Pizzeria restaurant in Shanghai, China are provided by, authorized by, or in some manner associated with Plaintiffs.

78.     Defendants' unauthorized use of Plaintiffs' intellectual property and goodwill and false representations regarding their affiliation and/or common ownership in the Grimaldi's Pizzeria restaurants in the United States has already deceived, confused, and misled the consuming public, including, but not limited to, Chinese and American consumers, into wrongly believing that pizza and other food and services sold at the counterfeit Grimaldi's Pizzeria restaurant in Shanghai, China are provided by, authorized by, or in some manner associated with Plaintiffs.

79.     The actual and continued likelihood of confusion, mistake, and deception caused by Defendants' misappropriation of Plaintiffs' rights is causing irreparable harm to Plaintiffs' intellectual property, associated goodwill, and the value of the Grimaldi's Pizzeria brand in China, the United States, and elsewhere.

80.     Defendants' activities are continuing and likely to cause confusion before, during, and after the time of purchase because consumers, prospective consumers, and others view the counterfeit Grimaldi's Pizzeria restaurant through marketing and at the point of sale.

81.     Such confusion damages the uniqueness of Plaintiffs' brand and undermines Plaintiffs' and its licensees' extensive and costly efforts to control the public perception of their brand.

82.     The damage is acute provided the rapidly growing synergies between the People's Republic of China and the United States in commerce, travel, and media.

## COUNT ONE

### *Trademark Infringement – 15 U.S.C. § 1114*

83.     Plaintiffs hereby incorporate each and every allegation of the Complaint as if herein alleged in full.

84.     Defendants' use of identical and/or confusingly similar imitations of JMC's service marks is likely to cause confusion, deception, and mistake by creating the false and misleading impression that services offered by and through Defendants are owned and/or operated by JMC or its licensees, or have the sponsorship, endorsement, or approval of JMC and its licensees.

85.     Defendants have used service marks identical and/or confusingly similar to JMC's federally registered service marks and applied for service marks in violation of 15 U.S.C. § 1114, and Defendants' activities have caused and, unless enjoined by this Court, will continue to cause, a likelihood of confusion and deception of members of the trade and public in the United States and, additionally, injury to JMC's goodwill and reputation as symbolized by the JMC's service marks, for which JMC has no adequate remedy at law.

86.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on goodwill associated with JMC's service marks, and are exceptional under 15 U.S.C. § 1117(a).

87.     Defendants have caused and are likely to continue causing substantial injury to JMC, and JMC is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT TWO

### *Unfair Competition, False Designation of Origin, and Dilution – 15 U.S.C. § 1125*

88.     Plaintiffs hereby incorporate each and every allegation of the Complaint as if herein alleged in full.

89.     Defendants' use of identical and/or confusingly similar imitations of JMC's service marks has caused and is likely to continue to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' services are owned and/or operated by, or associated with JMC, or have the sponsorship, endorsement, or approval of JMC.

90.     Defendants' false representations, false descriptions, and false designations of origin of their services violates 15 U.S.C. § 1125(a), and Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to JMC's goodwill and reputation as symbolized by its service marks, for which JMC has no adequate remedy at law.

91.     Defendants' commercial use of JMC's service marks dilutes the distinctiveness of JMC's service marks in violation of 15 U.S.C. § 1125(c) by eroding the public's exclusive identification of these famous service marks with JMC's affiliated restaurants, tarnishing and degrading the positive associations and prestigious connotations of JMC's service marks, and otherwise lessening the capacity of the service marks to properly identify and distinguish relevant restaurant services.

92.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on goodwill associated with JMC's service marks and are exceptional under 15 U.S.C. § 1117.

93.     Defendants' conduct has caused, and is likely to continue to cause, substantial injury to the public and to JMC, and JMC is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1125 (c), 1116, and 1117.

## COUNT THREE

### *Common Law Trademark Infringement*

94.    Plaintiffs hereby incorporate each and every allegation of the Complaint as if herein alleged in full.

95.    The GRIMALDI'S PIZZERIA family of service marks are distinctive.

96.    By reason of the extensive advertising and promotional efforts of affiliated operators of Grimaldi's Pizzeria restaurants, the GRIMALDI'S PIZZERIA family of service marks have come to symbolize highly valuable goodwill and selling power in the field of restaurant services.

97.    Defendants' use in commerce of the GRIMALDI'S PIZZERIA marks and deceptively similar marks is likely to cause confusion, to cause mistake, or to deceive.

98.    Defendants' conduct has already caused actual consumer confusion as to the source of goods and services offered by operators of Grimaldi's Pizzeria restaurants in the United States.

99.    Upon information and belief, Defendants are using GRIMALDI'S PIZZERIA marks in bad faith and with specific intent to appropriate goodwill associated with GRIMALDI'S PIZZERIA marks.

100.    By reason of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial, including interest, costs, and attorneys' fees.

101.    Defendant's conduct also threatens Plaintiffs with irreparable harm for which it has no adequate remedy at law.

## COUNT FOUR

### *Contributory Trademark Infringement, Unfair Competition, False Designation of Origin, and Dilution*

102.    Plaintiffs hereby incorporate each and every allegation of the Complaint as if herein alleged in full.

103.    Each Defendant contributed to the infringement of Plaintiffs' service marks in the United States and China, and false representations, false descriptions, and false designations of origin of services regarding the counterfeit Grimaldi's Pizzeria restaurant in Shanghai, China.

104.    Defendants each had knowledge of the others' contributions to the infringement of Plaintiffs' service marks, false representations, false descriptions, and false designations of origin of restaurant services.

105.    Each Defendant knowingly joined in, acted in concert with, and conspired with other Defendants to solicit investment in, participate in, operate, and benefit from the counterfeit Grimaldi's Pizzeria restaurant in Shanghai, China.

106.    Each Defendant joined in, acted in concert with, and conspired with third-parties in China to solicit investment in, participate in, operate, and benefit from the counterfeit Grimaldi's Pizzeria restaurant in Shanghai, China.

107.    Each of the misrepresentations and wrongful actions of Defendants were overt acts undertaken in furtherance of a scheme to profit from Plaintiffs' intellectual property and the goodwill of Grimaldi's Pizzeria restaurants without authorization.

108.    By their scheme, each Defendant acted for his own pecuniary gain or for his own personal purposes.

109.    Defendants, and each of them, are contributorily liable for any injury to Plaintiffs resulting from their scheme.

110.    As a direct and proximate result of Defendants' contributions to the infringement of Plaintiffs' service marks, false representations, false descriptions, and false designations of origin of restaurant services, Plaintiffs have suffered irreparable harm and damages in an amount to be determined at trial, including interest, costs, and attorneys' fees.

16

## COUNT SIX

### Unfair Competition, False Designation of Origin, and Dilution - N.Y. GBS Law § 3601-L

117.    Plaintiffs hereby incorporate each and every allegation of the Complaint as if herein alleged in full.

118.    Defendants' acts in establishing and furthering the counterfeit Grimaldi's Pizzeria restaurant in Shanghai, China have caused and are likely to continue to cause injury to the Grimaldi's Pizzeria restaurant brand and dilution of the distinctive quality of Plaintiffs' service marks in violation N.Y. GBS Law § 360-L.

119.    Defendants' acts in establishing and furthering the counterfeit Grimaldi's Pizzeria restaurant in Shanghai, China also constitute unfair competition in violation N.Y. GBS Law § 360-L.

120.    Defendants acted with the knowledge they did not possess rights in Grimaldi's Pizzeria service marks, trade dress, and goodwill, and in bad faith.

121.    Plaintiffs are entitled to injunctive relief, actual damages, and all profits derived by Defendants from the counterfeit Grimaldi's Pizzeria restaurant in Shanghai, China under N.Y. GBS Law § 360-M.

122.    Plaintiffs are further entitled to an award of three times all profits derived by Defendants from the counterfeit Grimaldi's Pizzeria restaurant in Shanghai, China and their costs and reasonable attorneys' fees  under N.Y. GBS Law § 360-M.

## COUNT SEVEN

### Tortious Interference

123.    Plaintiffs hereby incorporate each and every allegation of the Complaint as if herein alleged in full.

18

124.   JMC has an ongoing economically advantageous relationship with licensees of GRIMALDI'S PIZZERIA service marks, copyrights, and trade dress in the United States.

125.   JMC International has an ongoing economic interest in developing economic relationships with prospective operators of Grimaldi's Pizzeria restaurants in China.

126.   Defendants knew Plaintiffs, individually or by and through their affiliates, intend to expand Grimaldi's Pizzeria operations into China.

127.   Defendants knew or should have known Plaintiffs' own exclusive rights to utilize Grimaldi's Pizzeria service marks for restaurant services in the United States and China.

128.   Defendants knew they had no right to use or authorize use of Plaintiffs' service marks in the United States, China, or any other jurisdiction.

129.   Defendants knew or should have known Plaintiffs own literary and graphic works and trade dress developed for and associated with Grimaldi's Pizzeria restaurants.

130.   Defendant knew they had no right to use or authorize use of Plaintiffs' copyrights and trade dress in the United States, China, or any other jurisdiction.

131.   Defendants nevertheless proceeded to intentionally and without justification interfere with Plaintiffs' economically advantageous relationships and economic interest.

132.   Defendants acted improperly and Plaintiffs have suffered damages as a result of Defendants' improper actions.

133.   As a direct and proximate result of Defendants' improper actions, Plaintiffs are entitled to damages in an amount no less than $25,000,000.00.

134.   Plaintiffs are also entitled to injunctive relief to guard against further tortious interference by Defendants.

## COUNT EIGHT

### *Unjust Enrichment*

135.    Plaintiffs hereby incorporate each and every allegation of the Complaint as if herein alleged in full.

136.    Defendants, their agents, successors, and assigns, those in active concert and participation with them, and others in privity with them, deliberately misappropriated and used Plaintiffs' service marks, copyrights, trade dress, and goodwill, and recipes, knowhow, and trade secrets owned by Grimaldi's Pizzeria restaurants.

137.    Defendants have been unjustly enriched as a result of Defendants' conduct.

138.    Defendants received a benefit under circumstances that are grossly inequitable.

139.    Equity and good conscience require Defendants compensate Plaintiffs for the value of the benefit unjustly realized and retained by Defendants, including damages, lost opportunity, costs, and fees in an amount no less than $25,000,000.00.

140.    Equity and good conscience further require Defendants to fully account for their misconduct and unauthorized use, and immediately quit their use, and cause their affiliates' to quit use, of the GRIMALDI'S PIZZERIA marks and trade dress in China and elsewhere.

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment against Defendants in Plaintiffs' favor for the following:

A.    Damages in an amount to be proven at trial, but no less than $25,000,000.00;

B.    A preliminary and permanent injunction enjoining Defendants from using Plaintiffs' service marks and trade dress, and otherwise trading on the goodwill of Plaintiffs' brand in China, the United States, and elsewhere;

C.    A preliminary and permanent enjoining Defendants from representing that they or any person in which they have an interest have a right in any Grimaldi's Pizzeria restaurant;

20

D.      A preliminary and permanent enjoining Defendants from passing off, palming off, or assisting in passing off or palming off, restaurant services as those of Plaintiffs or Plaintiffs' affiliates, or otherwise continuing any and all acts of unfair competition as alleged herein;

E.      An order directing Defendants to change all marks used by the counterfeit Grimaldi's Pizzeria restaurant in Shanghai, China that relate in any way to the Grimaldi's Pizzeria family of service marks for restaurant services.

F.      An order directing Defendants to file with the Court and provide to Plaintiffs an accounting of all sales and profits realized by Defendants and related entities through the use of the Plaintiffs' service marks, trade dress, and goodwill, and any confusingly similar marks or counterfeits, copies, reproductions or colorable imitations thereof;

G.      An order permitting Plaintiffs, and/or auditors of Plaintiffs, to audit and inspect the books, records, and premises of Defendants and related entities for a period of six (6) months after entry of final relief in this matter, to determine the scope of the Defendants' past use of Plaintiffs' intellectual property, including all sales and promotion of services bearing Plaintiffs' service marks, as well as the Defendants' compliance with the orders of this Court;

H.      An order directing Defendants to disgorge all profits derived from the unauthorized use of Plaintiffs' property, including but not limited to, the disgorgement of all profits from the counterfeit Grimaldi's Pizzeria restaurant in Shanghai, China under 15 U.S.C. §§ 1114 and 1117(a), and N.Y. GBS Law § 360-M;

I.      An order for treble damages under 15 U.S.C. § 1117(b) and N.Y. GBS Law § 360-M;

J.      An order for statutory damages under 15 U.S.C. § 1117(c);

K.      An order directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service sold or otherwise

promoted by Defendants is authorized by Plaintiffs or its affiliated operators of Grimaldi's

Pizzeria restaurants in the United States, or related in any way to Grimaldi's Pizzeria restaurant

services;

L. An award of attorneys' fees and costs as provided under 15 U.S.C. §§ 1114 and 1117(a),

and N.Y. GBS Law § 360-M;

M. An award of punitive damages; and

N. An award of pre-judgment and post-judgment interest accruing at the applicable statutory

rate.

Dated: New York, NY
   October 20th, 2014

**KILPATRICK TOWNSEND & STOCKTON LLP**

By: _____
Barry M. Benjamin (BMB 7350)
Jeremy A. Schachter (JS 2181)
The Grace Building
1114 Avenue of the Americas
New York, New York 10036-7703
Tel: (212) 775-8700
Fax: (212) 775-8800
bbenjamin@kilparicktownsend.com
jschachter@kilpatricktownsend.com

*Attorneys for Plaintiffs*

22







4



# GRIMALDI'S
## COAL BRICK-OVEN PIZZERIA

HOME | OUR STORY | MENU | LOCATIONS | GIFT CARDS | CAREERS | CONTACT

Find a Location Near You
Enter City and State or Zip    GO




## Our Story

IN THE WORLD OF PIZZA, Grimaldi's is an institution.

With over 100 years of coal fired brick-oven pizza-making traditions, we continue to ensure that future generations are able to experience our distinctive and truly authentic pizza.

Why coal-fired brick ovens? The tantalizing aroma of pizza and calzones baked to perfection in our signature coal burning oven offers a unique flavor and a crisp crust that is just not possible from gas, convection, or wood burning ovens.

Our fresh ingredients, handmade mozzarella, 'secret recipe' dough and pizza sauce make us the most award-winning pizzeria in the United States.

It is our passion for pizza that has made us a "must have" for pizza lovers and celebrities alike, including Frank Sinatra and former NYC Mayor, Rudy Giuliani.

Welcome to Grimaldi's Pizzeria, we are honored to have you as our guest!

CONNECT | GIFT CARDS | CAREERS | PRIVACY POLICY | MEDIA CONTACT | TERMS OF USE





# GRIMALDI'S
## COAL BRICK-OVEN PIZZERIA

**THE MOST AWARD WINNING PIZZA IN AMERI**

GIFT CARDS · CARRY-OUT · WINE & BEER · CATERING · PRIVATE PARTY FACILITIES

## PIZZA

| | |
|---|---|
| Personal Pizza (12 in.) | $9 |
| Small Pizza (16 in.) | $14 |
| Large Pizza (18 in.) | $16 |
| | |
| Personal White with Garlic | $10 |
| Small White with Garlic | $16 |
| Large White with Garlic | $18 |

## CALZONE

| | |
|---|---|
| Personal Pesto | $10 |
| Small Pesto | $16 |
| Large Pesto | $18 |
| | |
| Personal (12 in.) | $10 |
| Small (16 in.) | $16 |
| Large (18 in.) | $18 |

## TOPPINGS
Price is the same for toppings on a whole or half pizza

| | | | |
|---|---|---|---|
| Artichoke Hearts | $4 | Anchovies | $2 |
| Jalapeños | $2 | Meatballs | $2 |
| Oven Roasted Sweet Red Peppers | $4 | Italian Sausage | $4 |
| Ricotta Cheese | $2 | Mushrooms | $2 |
| Pepperoni | $4 | Bacon | $4 |
| Sun Dried Tomatoes | $3 | Ham | $2 |
| Onions | $2 | Grilled Chicken | $5 |
| Fresh Garlic | $2 | Green Peppers | $2 |
| Fresh Sliced Roma Tomatoes | $2 | Pesto | $2 |
| Kalamata Olives** | $3 | Extra Mozzarella Cheese | $3 |
| Black Olives | $2 | Extra Grimaldi's Famous Sauce | $3 |
| Fresh Baby Spinach | $2 | Extra Basil | $2 |

## STARTERS

### Antipasto
Fresh Mozzarella, Oven Roasted Sweet Red
Peppers, Genoa Salami, Olives and
Fresh Baked Bread
**Small $9   Large $13**

### Caprese Salad
Slices of Fresh Mozzarella, Tomatoes
and Fresh Basil, Drizzled with
Extra Virgin Olive Oil
**$8**

Add Genoa Salami $2     Add Fresh Mozzarella $2

### Mediterranean Salad
Romaine Lettuce, Cucumbers,
Tomatoes, Kalamata Olives, Feta Cheese,
Red Onion, Vinaigrette Dressing
**Small $8   Large $11**

### Grimaldi's House Salad
Romaine Lettuce, Red Onion, Cherry Tomatoes,
Oven Roasted Sweet Red Peppers, Mushrooms,
Green Olives, Vinaigrette Dressing
**Small $6   Large $9**

### Spinach Salad
Baby Spinach, Red Onion, Cherry Tomatoes,
Bacon, Crumbled Gorgonzola Cheese
and Balsamic Vinaigrette Dressing
**Small $8   Large $11**

### Caesar Salad
Romaine Lettuce, Shaved Italian
Cheese Blend, Coal Oven Baked Croutons,
Traditional Caesar Dressing
**Small $7   Large $10**

Add Grilled Chicken $4

### COLD BEVERAGES
Pepsi · Diet Pepsi · Sierra Mist · Dr. Pepper · Mug Root Beer · Mountain Dew
Tropicana Lemonade · Traditional Iced Tea · Passion Fruit Iced Tea · Apple Juice
**$2.50**
Panna (Still Water) or Pellegrino (Sparkling Water) 500 ml $4   1000 ml $6

*Olives may contain pits. Pizza mozzarella is produced by free range cows.

## The Pizza that Made the Brooklyn Bridge Famous

In the world of pizza, Grimaldi's is an institution. With over 100 years of coal fired brick-oven pizza-making traditions, we continue to ensure that future generations are able to experience our distinctive and truly authentic pizza. Why coal-fired ovens? The tantalizing aroma of pizza and calzones baked to perfection in our signature coal burning oven offers a unique flavor and a crisp crust that is just not possible from gas, convection or wood burning ovens. Our fresh ingredients, handmade mozzarella, secret recipe dough and pizza sauce make us the most award-winning pizzeria in the United States. It is our passion for pizza that makes us a "must have" for pizza lovers and celebrities alike, including Frank Sinatra and former NYC Mayor, Rudy Giuliani. Welcome to Grimaldi's Pizzeria, we are honored to have you as our guest!

**WWW.GRIMALDISPIZZERIA.COM**

**ARIZONA · CALIFORNIA · COLORADO · FLORIDA · NEVADA · NEW YORK · SOUTH CAROLINA · TEXAS**





**Patsy GRIMALDI'S Coal Brick Oven PIZZERIA**

~The pizza that Made the Brooklyn Bridge Famous ~

In the world of pizza, Grimaldi's is an institution. With over 100 years of coal fired brick oven pizza-making traditions, we continue to ensure that future generations are able to experience our distinctive and truly authentic pizza. Why coal-fired ovens? The tantalizing aroma of pizza and calzones baked to perfection in our signature coal burning oven offers a unique flavor and a crisp crust that is just not possible from gas, convection or wood burning ovens. Our fresh ingredients, handmade mozzarella, "Secret recipe" dough and pizza sauce make us the most award-winning pizzeria in the United States. It is our passion for pizza that makes us "must have" for pizza lovers and celebrities.
Welcome to Patsy Grimaldi's Pizzeria, we are honored to have you as our guest!

**开胃菜**
**Antipasto**

| | | |
|---|---|---|
| 意大利蒜肠，马苏里拉奶酪，烤甜红椒 橄榄，烤面包 | | RMB 108 |
| Italian Salami, Fresh Mozzarella, Oven-Roasted Sweet Red Peppers, Olives and Oven-Toasted Crostini | | |

**色拉**
**Salads**

| | | |
|---|---|---|
| 凯撒色拉 | | RMB 68 |
| 萝蔓生菜，面包丁，鸡蛋，凯撒色拉酱，帕马森芝士 | | |
| Caesar Salad | | |
| Romaine Lettuce, Croutons, Egg, Caesar Dressing and Fresh Parmasan Cheese | | |

| | | |
|---|---|---|
| 戈马蒂色拉 | | RMB 65 |
| 萝蔓生菜，洋葱，樱桃番茄 烤甜红椒，蘑菇，绿橄榄，油醋汁 | | |
| Grimaldi's House Salad | | |
| Romaine Lettuce, Red Onion, Oven-Roasted Sweet Red Peppers, Mushroom, Olives, Cherry Tomatoes and Balsamic Vinaigrette | | |

| | | |
|---|---|---|
| 另加马苏里拉奶酪 | | RMB 28 |
| Add Fresh Mozzarella | | |
| 另加熏鸡肉碎 | | RMB 25 |
| Add Smoked Chicken | | |

**披萨**
**Pizza**

| | | |
|---|---|---|
| 红底披萨 (马苏里拉奶酪，自制碎茄酱，罗勒) | | |
| Regular Pizza (Fresh Mozzarella, Crushed Tomato, Basil) | | |
| 16寸披萨 | 16in. (6 slices, 1-2 persons) | RMB 158 |
| 18寸披萨 | 18in. (8 slices, 3-4 persons) | RMB 168 |

| | | |
|---|---|---|
| 白底披萨 (不添加碎茄酱，加量马苏里拉奶酪，鲜蒜，罗勒) | | |
| White Pizza (No Tomato Sance, Extra Mozzarella, Fresh Garlic,Basil) | | |
| 16寸白披萨 | 16in. (6 slices, 1-2 persons) | RMB 178 |
| 18寸白披萨 | 18in. (8 slices, 3-4 persons) | RMB 188 |

| | | |
|---|---|---|
| 意大利乳酪饺 | Calzone | |
| 16寸 | Small (16in.) | RMB 198 |
| 18寸 | Large (18in.) | RMB 218 |

**加料**
**Toppings**
加1/2或整个同价  Same price 1/2 or Whole Pie

| | | |
|---|---|---|
| 意大利腊肠 | Pepperoni | RMB 18 |
| 意大利香肠 | Italian Sausage | RMB 28 |
| 火腿 | Ham | RMB 18 |
| 牛肉丸 | Beef Meatballs | RMB 18 |
| 烤鸡胸肉 | BBQ Chicken Breast | RMB 28 |
| 马苏里拉奶酪 | Extra Fresh Mozzarella | RMB 28 |
| 帕马森芝士 | Extra Grated Cheese | RMB 28 |
| 里科塔芝士 | Ricotta Cheese | RMB 28 |
| 烤甜红椒 | Oven-Roasted Sweet Red Peppers | RMB 28 |
| 油浸干番茄 | Sun Dried Tomatoes | RMB 28 |
| 洋蓟 | Artichoke Hearts | RMB 28 |
| 洋葱 | Onion | RMB 18 |
| 蘑菇 | Mushroom | RMB 18 |

| | | |
|---|---|---|
| 芝麻菜 | Arugula | RMB 18 |
| 黑橄榄 | Cured Black Olives (may contain pits) | RMB 18 |
| 水瓜柳 | Capers | RMB 18 |
| 自制番茄沙司 | Extra Grimaldi's Sauce | RMB 18 |
| 青酱酱 | Pesto | RMB 18 |
| 凤尾鱼 | Anchovies | RMB 18 |
| 鲜蒜 | Fresh Garlic | RMB 18 |
| 新鲜切片番茄 | Fresh Sliced Tomatoes | RMB 18 |
| 罗勒 | Extra Basil | RMB 18 |

**饮料**
**Soft drink**

| | | |
|---|---|---|
| 可乐·健怡可乐·雪碧·汤力水·干姜水·树根汽水 | | RMB 22 |
| Coke · Diet Coke · Sprite · Tonic · Ginger Ale · Root Beer | | |

**斯纳普**
**Snapple**

| | | |
|---|---|---|
| 粉色柠檬味·柠檬味·苹果味·蜜桃味 | | RMB 35 |
| Pink Lemonade · Lemon · Apple · Peach | | |
| 菲末特牌饮用水 (天然/气泡) 750ml | | RMB 68 |
| Acqua Filette (Naturale/Sparkling) 750ml | | |

**啤酒 Beer**

| | | |
|---|---|---|
| 布鲁克林啤酒拉格/布鲁克林印度淡色艾啤酒/布鲁克林夏日啤酒 | | RMB 68/355ml |
| Brooklyn Lager/Brooklyn East India Pale Ale/Brooklyn Summer Ale | | |
| 罗格琥珀啤酒/罗格死家伙啤酒 | | RMB 68/355ml |
| Rogue American Amber Ale/Rogue Dead Guy | | |
| 萨拉�o白淡色啤酒 | | RMB 58/355ml |
| Saranac White IPA | | |
| 扬格黑啤酒 | | RMB 58/330ml |
| Young's Double Chocolate Stout | | |
| 卡罗娜 Corona · 喜力 Heineken | | RMB 45/330ml |
| 青岛啤酒 Tsingtao · 百威 Budweiser | | RMB 38/330ml |
| 店酒葡萄酒 | Glass RMB 58  Carafe RMB 168 |
| House Wine | | |
| 更多时尚品请查阅酒单 For more options, please ask for wine list | | |

**鸡尾酒**
**Cocktail**

| | | |
|---|---|---|
| 大都会·椰林飘香·玛格丽塔·莫吉多 | | RMB 68 |
| Cosmopolitan · Pina Colada · Margarita· Mojito | | |
| 长岛冰茶·曼哈顿 | | RMB 78 |
| Long Island Ice Tea · Manhattan | | |

**果汁 300ml**
**Juice**

| | | |
|---|---|---|
| 鲜榨果汁 | | RMB 48 |
| Seasonal Fresh Juice | | |
| 橙汁·蔓越莓汁·菠萝汁 | | RMB 30 |
| Orange Juice · Cranberry Juice · Pineapple Juice | | |

**热饮**
**Hot Drinks**

| | | |
|---|---|---|
| 意式浓缩咖啡·拿铁·美式咖啡·茶·热巧克力 | | RMB 35 |
| Espresso · Latte · Coffee · Tea · Hot Chocolate | | |
| 特浓意式浓缩咖啡·卡布奇诺·摩卡 | | RMB 40 |
| Double Espresso · Cappuccino · Mocha | | |
| 冰红茶和冰咖啡另加罗勒冰茶及冰咖啡费加RMB 5 | | |

**甜品 & 冰激凌**
**Desserts & Ice Cream**

| | | |
|---|---|---|
| 芝士蛋糕·提拉米苏·冰激凌球 | | RMB 38 |
| Cheese Cake · Tiramisu · Ice Cream Balls | | |

| | | |
|---|---|---|
| 纽约最畅销No.1  Best Seller No.1 | 纽约最畅销No.2  Best Seller No.2 |
| 红底披萨加意大利腊肠和蘑菇 | 白底披萨加里科塔芝士和烤甜红椒 |
| Regular Pizza with Pepperoni and Mushroom | White Pizza with Ricotta Cheese and Oven-Roasted Sweet Red Peppers |

如您有任何特殊饮食要求及食物敏感请预告知服务生
Kindly advise your waiter of any special dietary requirements or if you have any food-related allergies.





