UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
JMC RESTAURANT HOLDINGS, LLC and :
JMC RESTAURANT HOLDINGS :
INTERNATIONAL, LLC, :
: **MEMORANDUM & ORDER**
Plaintiffs, :
: 14 Civ. 6157 (WFK) (VMS)
-against- :
:
MARCELO PEVIDA, JIA JU TAO, :
JOSEPH SILVESTRI, DOES 1-10, and ABC :
BUSINESS ENTITIES 1-10, :
:
Defendants. :
------------------------------------------------------x

**VERA M. SCANLON, United States Magistrate Judge:**

Presently before the Court is the motion of Plaintiffs JMC Restaurant Holdings, LLC and JMC Restaurant Holdings International, LLC ("Plaintiffs" or "JMC"), to compel nonparty Knights Investment Group, LLC ("KIG") to comply with a subpoena duces tecum that Plaintiffs served on KIG on April 10, 2015. Letter Mot. to Compel ("Pl. Mem."), ECF No. 20.

Plaintiffs' subpoena was issued from the United States District Court of the Eastern District of New York (the "Eastern District"). Pl. Mem. Ex. 3 at 5-17 (the subpoena and its attachments). The subpoena required KIG to, by April 24, 2015, produce certain documents to Plaintiffs' counsel at their offices in Manhattan, located within the jurisdiction of the United States District Court for the Southern District of New York. Id.[1]

KIG objected to Plaintiffs' document requests and did not produce any responsive documents. KIG asserted that each of Plaintiffs' requests were unduly burdensome; vague and ambiguous; and sought documents that were not reasonably accessible and were beyond the

---

[1] Plaintiffs first subpoenaed KIG on February 10, 2015, but after KIG objected to the February subpoena and engaged in a meet and confer with Plaintiffs' counsel, Plaintiffs withdrew the first subpoena and issued the April 10, 2015 subpoena at issue in this motion. Pl. Mem. 2.

temporal scope of the action.  Pl. Mem. Ex. 4 (KIG's response to the subpoena).  KIG further objected that certain requests were not relevant; duplicative; sought privileged information or confidential business information; and requested documents that were already in Plaintiffs' custody or control.  Id.

On April 27, 2015, Plaintiffs' counsel emailed KIG's counsel concerning KIG's objections.  Pl. Mem. 3 & Ex. 5.  Two days later, when KIG's counsel had not responded, Plaintiffs filed their motion to compel.  Pl. Mem. 3.  Plaintiffs argued that the requested discovery was relevant and proper under the broad federal standard for discovery articulated by Federal Rule of Civil Procedure ("Rule") 26, which states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Pl. Mem. 3.  Plaintiffs requested that, pursuant to Rule 45, this Court compel KIG to comply with the subpoena, and that Plaintiffs be awarded their attorneys' fees and costs for bringing the motion.  Pl. Mem. 4.

KIG opposed Plaintiffs' motion, arguing that Plaintiffs did not make sufficient attempts to meet and confer with KIG prior to filing the motion, and reiterating the objections raised in KIG's response to the subpoena.  KIG Mem., ECF No. 21.  KIG also requested that Plaintiffs be sanctioned for filing their motion, and that KIG be awarded its attorneys' fees and costs for responding to the motion.  Id. at 4.

On April 30, 2015, the Court held a telephone conference with the Parties that had been scheduled prior to Plaintiffs' filing of the present motion.  Order, ECF No. 23.  KIG did not participate in the telephone conference, nor was KIG's attendance expected.  During the conference, the Court informed Plaintiffs of the jurisdictional concerns discussed below and

ordered Plaintiffs to "address enforcement of the KIG subpoena in the [Southern District of New York] or revise the subpoena." Id. As discussed below, Plaintiffs responded that this Court had authority to determine the motion to compel and declined to revise their subpoena or withdraw their motion to compel. Pls. Letter, ECF No. 24. KIG responded that it took no position as to which venue was proper, but also did not consent to having Plaintiffs' motion determined by this Court. KIG Letter, ECF No. 25.

In a second letter, as part of a general status report, Plaintiffs reiterated their intent to pursue the motion to compel in this District, and also provided additional argument as to KIG's obligation to respond to the discovery requests. Status Report Letter, ECF No. 28 at 6-7. KIG filed a motion requesting that this portion of the status report letter be stricken, as it violated this Court's Individual Rules, which prohibit reply briefs on letter discovery motions. KIG Mot. to Strike, ECF No. 29 (citing Individual Rules of Magistrate Judge Vera M. Scanlon, Rule III(b)). The Court will address KIG's motion in a separate Order.

In addition, counsel for Plaintiffs, Defendants and KIG participated in a telephone conference with the Court on May 12, 2015.

Under Rule 45(a)(2), "[a] subpoena must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). The subpoena may specify a "[p]lace of [c]ompliance" that is "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(a). Where the commanded party objects to a subpoena duces tecum, Rule 45(d)(2)(B)(i) allows the serving party "[a]t any time, on notice to the commanded person" to "move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). "When the court where compliance is

required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

Thus, in Simmons v. Fervent Electrical Corp., No. 14 Civ. 1804 (ARR) (MDG), 2014 WL 4285762 (E.D.N.Y. Aug. 29, 2014), a court in this District denied the plaintiffs' motion to compel a nonparty to comply with a subpoena requiring attendance at a deposition in Manhattan. Id. at *1. The court reasoned that "[s]ince the subpoena at issue requires the deponent's attendance in Manhattan, plaintiffs' motion is properly brought in the United States District Court for the Southern District of New York" and, therefore, the court "lack[ed] jurisdiction to address [the] plaintiffs' motion." Id.; see Johnson v. Simmons, No. 13 Civ. 205 (HSO) (RHW), 2015 WL 2155714, at *1 (S.D. Miss. May 7, 2015) (finding a motion to compel to be moot where the court of compliance was in the state of Washington because "even though the subpoena must issue from the court where the action is pending, the court of compliance still presides over disputes concerning production of the documents"); Tomelleri v. Zazzle, Inc., No. 13 Civ. 2576 (EFM) (TJJ), 2015 WL 400904, at *2 (D. Kan. Jan. 28, 2015) (finding that the court lacked authority to determine motions to quash concerning nonparty subpoenas to produce documents in Los Angeles and New York City); Semex Alliance v. Elite Dairy Genomics, LLC, No. 14 Civ. 87, 2014 WL 1576917, at *1-2 (S.D. Ohio Apr. 18, 2014) (overruling without prejudice to refile in the Northern District of Illinois a motion to quash a nonparty subpoena requiring a deposition and the production of documents in that district); Shaw Grp., Inc. v. Zurich Am. Ins. Co., No. 12 Civ. 257 (JJB), 2014 WL 204244, at *1 (M.D. La. Jan. 17, 2014)

4

(finding that the court could not compel compliance with a subpoena for a nonparty to produce documents in the Eastern District of Louisiana).

I note that, prior to the 2013 amendments to Rule 45, a subpoena duces tecum was required to be issued "from the court for the district where the production or inspection is to be made," Fed. R. Civ. P. 45(a)(2) (2007), rather than from the court where the action was pending. The prior version of Rule 45 also specified that "the serving party may move the issuing court for an order compelling production or inspection." Fed. R. Civ. P. 45(c)(2)(B)(i) (2007). In other words, under the prior version of Rule 45, the issuing court and the court of compliance were the same. In contrast, under the current version of Rule 45, the issuing court is the court where the litigation is pending. Nonetheless, under both the prior and current versions of Rule 45, the court for the district where compliance is required is the proper venue for a motion to compel. See generally KGK Jewelry LLC v. ESDNetwork, No. 11 Civ. 9236 (LTS) (RLE), 2014 WL 1199326, at *3 (S.D.N.Y. Mar. 21, 2014) (discussing the 2013 amendment).

Requiring the court presiding over the action to issue the subpoena is likely more convenient for the parties to that action, but this convenience is "still balanced by safeguards against undue burden on the non-parties subject to such subpoenas." Shaw Grp., 2014 WL 204244, at *2. The nonparty's interests are protected by having the court in which compliance is required—which, per Rule 45(c), will be a court local to the nonparty—handle disputes over compliance. See Fed. R. Civ. P. 45 (Notes to 2013 Amendments) ("To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that the motions be made in the court in which compliance is required under Rule 45(c).").

In this case, a subpoena issued from this District required the production of documents in Manhattan, where both Plaintiffs' counsel and KIG are located. Pls. Letter 1. As Plaintiffs selected their counsel's Manhattan office as the location of compliance, the Southern District of New York is the court for the district where compliance is required. Plaintiffs do not dispute that the Southern District of New York is "an appropriate venue" for their motion. Pls. Letter 2. Rather, Plaintiffs argue that "it is not the exclusive venue[,] nor the best suited venue under Rule 45." Id.

First, concerning Plaintiffs' argument that the Southern District of New York is not the "exclusive venue" for their motion to compel, Plaintiffs assert that—given KIG's Manhattan location—Plaintiffs could have required the production of documents "in Brooklyn or Manhattan" without running afoul of the 100-mile rule. Pls. Letter 1; see Fed. R. Civ. P. 45(c)(1)(a). Rule 45 specifies that a motion to compel must be brought in "the court for the district where compliance is required," Fed. R. Civ. P. 45(d)(2)(B)(i) (emphasis added), not any court of any district where compliance might have been required. Thus, whether Plaintiffs might have required compliance in this District is immaterial. See generally Simmons, 2014 WL 4285762, at *1 (requiring a motion to compel a nonparty's deposition in Manhattan to be filed in the Southern District of New York).

Moreover, Plaintiffs selected Manhattan as the place of compliance, a choice convenient for both Plaintiffs' counsel and KIG. As a result of Plaintiffs' litigation decision, the Southern District of New York is the correct venue for Plaintiffs' motion to compel. This outcome would have been no different under the prior version of Rule 45. As previously noted, requiring that motions be filed within the district in which compliance is required protects nonparties by

6

ensuring the "local resolution of disputes." Fed. R. Civ. P. 45 (Notes to 2013 Amendments). This protection may be of less significance to litigants when the issuing court and the court of compliance are separated by the 1.1-mile span of the Brooklyn Bridge, but Plaintiffs have not identified any authority permitting the Court to ignore a Federal Rule crafted to protect the interests of nonparties generally so that Plaintiffs, in this particular case, may file their motion in their venue of choice.

Second, in support of their contention that the Southern District of New York is not "the best suited venue under Rule 45," Plaintiffs argue that it is "highly likely" that, upon request, the Southern District of New York would transfer Plaintiffs' motion to compel back to this Court and, therefore, adjudication by this Court would "best ensure[] a just, speedy, and inexpensive determination of the disputed [s]ubpoena." Pls. Letter 2. Per Rule 45(f), the court where compliance is required may transfer the motion to compel to the issuing court "if the person subject to the subpoena consents." Fed. R. Civ. P. 45(f). Plaintiffs argue that KIG has consented to such a transfer by noticing its appearance in this action and filing an opposition to the present motion. Pls. Letter 2. KIG disputes this contention, stating that it was "compelled to file a response" to Plaintiffs' motion "or risk the motion being considered unopposed"; that its counsel noticed their appearance in order to file the opposition papers; and "[i]n no way, shape, or form, should KIG's filing of an opposition be considered consent to this venue." KIG Letter 1.

Although KIG has thus stated that it does not consent to this Court's jurisdiction over the motion to compel, if KIG in fact shares Plaintiffs' preference for this District, KIG may notice its consent to a transfer after the motion is filed in the proper venue. Fed. R. Civ. P. 45(f). KIG's opposition to Plaintiffs' motion before this Court does not demonstrate consent to an as-yet-

7

unfiled motion to transfer that would be adjudicated in another district.  Moreover, this Court declines to speculate as to how the Southern District of New York would determine any motion to transfer.  To the extent Plaintiffs believe that the Southern District of New York is not "the best suited venue" to determine their motion to compel, the Court again notes that Plaintiffs selected the location for compliance, and that choice determined the proper venue for their motion to compel.  Any delay or increased expense thus stems from Plaintiffs' litigation decisions, including their determination to file the motion to compel in this Court and to not revise and reissue the subpoena.  Plaintiffs have not demonstrated that they would receive any less just, speedy or inexpensive determination of their motion in the Southern District of New York.

For the foregoing reasons, Plaintiffs' motion to compel is **denied** without prejudice to refile in the Southern District of New York.

**SO ORDERED.**

Dated: May 12, 2015
       Brooklyn, New York

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge