UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JMC RESTAURANT HOLDINGS, LLC, and :
JMC RESTAURANT HOLDINGS :
INTERNATIONAL, LLC, :
 : **DECISION & ORDER**:
 Plaintiffs, : 14-CV-6157 (WFK) (VMS)
 :
 v. :
 :
MARCELO PEVIDA, JIA JU TAO, JOSEPH :
SILVESTRI, FRONT STREET RESTAURANT :
CORP., TAO INVESTMENT GROUP, and JIA :
CAI LEWIN, :
 :
 Defendants. :
------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:**

      By amended complaint filed October 27, 2015, Plaintiffs JMC Restaurant Holdings, LLC and JMC Restaurant Holdings International, LLC ("Plaintiffs") bring this action against Defendants Marcelo Pevida ("Pevida"), Jia Ju Tao ("Tao"), also known as "Tom Tao," Joseph Silvestri, Front Street Restaurant Corp. ("Front Street"), Tao Investment Group ("TIG"), and Jia Cai Lewin ("Lewin") (collectively "Defendants"), alleging (1) trademark infringement under 15 U.S.C. § 1114 (the "Lanham Act"); (2) unfair competition, false designation of origin, and dilution under 15 U.S.C. § 1125 (also the "Lanham Act"); (3) common law trademark infringement; (4) common law contributory trademark infringement, unfair competition, false designation of origin, and dilution; (5) common law vicarious trademark infringement, unfair competition, false designation of origin, and dilution; (6) unfair competition, false designation of origin, and dilution under N.Y. Gen. Bus. L. § 3601-L; (7) common law tortious interference; and (8) common law unjust enrichment. Dkt. 54 ("Amended Complaint"). Defendants Pevida and Tao move to dismiss (1) Plaintiffs' Lanham Act claims for lack of subject matter jurisdiction; and (2) all Plaintiffs' claims against Pevida and Tao for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 45 ("Motion") at 4-12. For the reasons discussed below, Defendants' motion is DENIED in its entirety.

## BACKGROUND

      Plaintiffs own all right, title, and interest in and to registered trademarks, service marks, and trade dress associated with Grimaldi's Pizzeria in both the United States and China.

Amended Complaint at ¶¶ 21-30. Plaintiffs have not licensed or authorized the use of Grimaldi's Pizzeria service marks in China. *Id.* at ¶ 31. Plaintiffs allege Defendants Pevida and Tao conspired to, and did, use Plaintiffs' Grimaldi's Pizzeria service marks, trade dress, and goodwill without authorization from Plaintiff to open a counterfeit Grimaldi's Pizzeria in Shanghai, China (the "Shanghai Grimaldi's"). *Id.* at ¶¶ 48, 60.

Defendants Pevida and Tao seek dismissal of the action arguing the Court lacks subject matter jurisdiction over Plaintiffs' Lanham Act claims, and Plaintiffs have failed to state a claim to hold Pevida and Tao personally liable for the alleged acts. Motion at 4-12. The Court will consider each claim in turn.

## DISCUSSION

### I. Legal Standard for Dismissal for Lack of Subject Matter Jurisdiction

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). In considering subject matter jurisdiction, "[t]he Court must accept as true the factual allegations in the Complaint, but it will not draw argumentative inferences in favor of a plaintiff because subject matter jurisdiction must be shown affirmatively." *N. Sea Assoc., Inc. v. Payton Lane NH, Inc.*, 11-CV-48, 2011 WL 6131104, at *2 (E.D.N.Y. Dec. 6, 2011) (Seybert, J.) (citations omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113 (citations omitted). A district court deciding a motion to dismiss for lack of subject matter jurisdiction may refer to "evidence outside the pleadings, such as affidavits[.]" *Zappia Middle E. Constr. Co., Ltd.*, 215 F.3d 247, 253 (2d Cir. 2000) (citation omitted).

"It is well-established that United States courts have jurisdiction to apply the Lanham Act to allegedly infringing conduct occurring outside the United States when necessary to prevent harm to United States commerce." *A.V., by Versace, Inc. v. Gianni Versace, S.p.A.*, 126 F.Supp. 2d 328, 336 (S.D.N.Y. 2001) (Stein, J.) (citing *Steele v. Bulova Watch Co.*, 344 U.S. 280 (1952)). The Second Circuit applies a three-part test to determine when applying the Lanham Act to extraterritorial conduct is appropriate: "(1) whether the defendant is a United States citizen; (2) whether a conflict exists between the defendant's trademark rights under foreign law and the plaintiff's rights under domestic law; and (3) whether the defendant's conduct has a substantial effect on United States commerce." *Id.* at 336-37 (citing *Vanity Fair Mills, Inc. v. T. Eaton Co.*, 234 F.2d 633, 642 (2d Cir. 1956), *cert. denied*, 352 U.S. 871 (1956)). "[A] court must employ a balancing test of all three factors to determine whether the statute is properly implicated." *Id.* at 337 (internal quotation marks and citations omitted). "The Second Circuit has stated that the absence of one of the above factors might well be determinative, and that the absence of two factors is certainly fatal." *Id.* (internal quotation marks and citations omitted).

## II. Legal Standard for Dismissal for Failure to State a Claim

To survive a motion to dismiss pursuant to Rule 12(b)(6), each claim must set forth sufficient factual allegations, accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A sufficiently pled complaint "must provide 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). If a complaint merely offers labels and conclusions, a formulaic recitation of the elements, or "naked assertions devoid of further factual enhancement," it will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (citing

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)) (internal quotation marks and alteration omitted). At this stage, the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of Plaintiffs, the non-movants. *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). However, the Court need not credit "legal conclusions" in a claim or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 72 (citing *Iqbal*, 556 U.S. at 678) (internal quotation marks and alteration omitted). Moreover, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). Legal conclusions must be supported by factual allegations. *Id.*; *Pension Benefit Guar. Corp.*, 712 F.3d at 717-18.

### III. Analysis

#### A. The Court Has Subject Matter Jurisdiction Over the Lanham Act Claims.

Defendants Pevida and Tao argue the Court has no subject matter jurisdiction over the Lanham Act claims. First, they argue that the appropriate entity whose citizenship should be considered for purposes of this action is not their own citizenship, but rather the citizenship of the foreign entity that controls the sales and marketing. Second, they assert that Plaintiffs' trademark rights and economic interests in China are questionable. Lastly, they claim there is no substantial effect on United States commerce because there is no transport of goods, provision of services, or confusion of consumers within the United States. Motion at 4-10. Plaintiffs oppose by first arguing that all Defendants, including Front Street Restaurant Corp., Tao Investment Group, and Jia Cai Lewin, are United States citizens, and were heavily involved in the operations, including sales and marketing, of the Shanghai Grimaldi's. Plaintiffs then argue there is no conflict with Chinese law, Plaintiffs' trademarks in China are valid, Plaintiffs have economic interest in China,

and the United States District Courts are likely the only venue in which Plaintiffs may pursue these claims. Plaintiffs lastly claim there has been a substantial effect on United States commerce because of Defendants' targeting of Westerners and use of American media in its marketing. Dkt. 48 ("Opp.") at 6-16.

Under the first prong of the *Vanity Fair* test – whether the defendant is a United States citizen – Tao and Pevida argue this prong has not been met because the sales and marketing of the Shanghai Grimaldi's are controlled by Radiant King Holdings Limited Pvt. ("Radiant"), a British Virgin Islands corporation. Motion at 5. However, their argument is without merit, as the Defendants are all U.S. citizens who were heavily involved in the operations of the Shanghai Grimaldi's. *Compare Juicy Couture, Inc. v. Bella Int'l, Ltd.*, 930 F.Supp.2d 489, 506 (S.D.N.Y. 2013) (Abrams, J.) (holding there was no subject matter jurisdiction where the sole U.S. citizen defendant exercised no control over operations).

There is no dispute that Tao and Pevida are United States citizens and Front Street and TIG are New York Corporations. Dkt. 48-2 ("Tao Dep.") at 12:14-12:15; Dkt. 48-3 ("Pevida Dep.") at 12:19-12:24; Amended Complaint at ¶¶ 6-7. While it is unclear whether Lewin and Silvestri are United States citizens, they are constructive United States citizens for the purposes of subject matter jurisdiction because they live in New York and conduct business in New York. *Id.* at ¶¶ 5, 8; Dkt. 48-4 ("Lewin Dep.") at 10:1-10:7; *see also Calvin Klein Indus., Inc. v. BFK Hong Kong, Ltd.*, 714 F. Supp. 78, 80 (S.D.N.Y. 1989) (Owen, J.) (citation omitted) (treating an individual whose citizenship was unknown as a United States citizen for the purpose of Lantham Act extraterritoriality analysis because individual resided in New York).

Moreover, there is sufficient evidence to suggest that Pevida and Tao had control over Defendants' operations. Tao sought out New York investors, including both individuals and

investment firms, for the Shanghai Grimaldi's. Tao Dep. at 74-81. Tao, Pevida, and Lewin executed a joint venture agreement in New York in 2012 for the ownership of the Shanghai Grimaldi's by Front Street (owned by Tao and Pevida) and Knights Investment Group ("KIG"), a Delaware limited liability company with an office in New York. Dkt. 48-5 ("Zhang Decl.") at ¶¶ 2, 9. The joint venture agreement provided, *inter alia*, that Front Street and KIB would "cooperate to form a . . . joint venture . . . to develop, design, and operate Grimaldi's branded restaurants in China[,]" Front Street would own thirty percent of the joint venture, Front Street "agrees to grant KIG the exclusive right to open Grimaldi's coal oven pizza First Project restaurant in Shanghai[,]" and Front Street is responsible for sending chefs, an oven builder, providing technical and operational training, and assisting with "PR and marketing[.]" Dkt. 48-8 ("Joint Venture") at PDF 2, 4, 5, 6. Front Street and KIG entered into a second joint venture with similar terms in 2013. Dkt. 48-9. Furthermore, Tao recommended the Shanghai Grimaldi's restaurant be kept small, its menu be "true to the original[,]" and for the restaurant to target those who are "young, foreign and/or tourists." Dkt. 48-7 at PDF 4 (email conveying message from Tao to Zhang). Tao further "oked the location" of the Shanghai Grimaldi's. Dkt. 48-16 (email conveying message from Tao to Zhang). Accordingly, because of the personal control and involvement of the United States citizen defendants in the formation and operations of the Shanghai Grimaldi's, the first *Vanity Fair* factor weighs in favor of finding subject matter jurisdiction.

The second *Vanity Fair* factor—the existence of conflicts with foreign law—also weighs in favor of finding subject matter jurisdiction because there is no conflict between Chinese and American law over who owns the trademark. Under this second prong, a conflict exists where there is a "conflict with trade-mark rights established under the foreign law[.]" *Vanity Fair*, 234 F.2d at 642 (applying *Bulova*, 344 U.S. 280).

Here, in both China and the United States, Plaintiffs own the Grimaldi's trademark, and Defendants do not. Amended Complaint at ¶¶ 21-31; Opp. at 12-13. Moreover, Defendants have not asserted they own or will own any Grimaldi's trademarks or service marks under Chinese law, even if the cancellation petition is successful. Defendants merely assert (1) Plaintiffs have not used the trademark in China; (2) Radiant has filed a petition for cancellation of Plaintiffs' Grimaldi's trademark in China on August 12, 2015; and (3) disputes over a plaintiff's rights in the foreign country weigh against finding subject matter jurisdiction. Motion at 6-8; Dkt. 45-1 at PDF 81-91. However, Plaintiffs show Plaintiffs have used the trademark in China. Opp. at 13; Dkt. 48-18 (showing advertising for Grimaldi's Pizzeria in the Beijing Evening News).

Furthermore, the only cases from after the 1946 passage of the Lanham Act that Defendants cite concerning disputes over a plaintiff's rights in the foreign country are *Int'l Café, S.A.L. v. Hard Rock Café Int'l (USA)* and *Totalplan Corp. of Am. v. Colborne*. See *Int'l Café, S.A.L. v. Hard Rock Café Int'l (USA), Inc.*, 252 F.3d 1274 (11th Cir. 2001); *Totalplan Corp. of Am. v. Colborne*, 14 F.3d 824 (2d Cir. 1994); Motion at 7. The two cases are readily distinguishable from the instant action. In *Totalplan*, the Second Circuit did not reach the question of whether there was a conflict with foreign law because the other two *Vanity Fair* factors weighed against jurisdiction. *Totalplan*, 14 F.3d at 831 ("[W]e need not reach the third factor, the existence of a conflict with foreign trademark law."). In *Int'l Café*, the defendant held trademarks in Lebanon, and the Eleventh Circuit found that suits against plaintiff over defendant's trademarks in Lebanon weighed against subject matter jurisdiction. *Int'l Café*, 252 F.3d at 1279. As Defendants have not asserted any person or entity *has* trademarks established under Chinese law that contradict Plaintiffs' asserted rights, there is no conflict with Chinese law. The absence of a conflict weighs in favor of subject matter jurisdiction.

Finally, with respect to the third *Vanity Fair* factor, the Court finds there is a substantial effect on United States commerce. "[T]he combination of an infringing defendant's domestic activity coupled with consumer confusion or harm to the protected plaintiff's reputation and goodwill establishes a substantial effect on U.S. commerce." *A.V. by Versace, Inc.*, 126 F. Supp. 2d at 240 (citing *Atl. Richfield Co. v. Arco Globus Int'l Co., Inc.*, 150 F.3d 189, 193 (2d Cir. 1998)). Plaintiffs have sufficiently pled and produced evidence to show Defendants' use of the Grimaldi's marks misled American consumers and caused harm to Plaintiffs' reputation. Dkt. 48-20 (emails from Americans to Plaintiffs, indicating their belief that the Shanghai Grimaldi's was Plaintiffs' operation); Dkt. 48-21 (newspaper article discussing Shanghai Grimaldi's as part of the same entity as the original New York Grimaldi's); Dkt. 48-22 (article describing inferiority of Shanghai Grimaldi's; although the author was aware of the instant action, many Americans will not be.). Plaintiffs have also sufficiently pled and produced evidence of Defendants' domestic activities, discussed *supra* herein at 5-6. Accordingly, the Court finds all three *Vanity Fair* factors weigh in favor the Court having subject matter jurisdiction over this action. Accordingly, Defendants' motion to dismiss on this ground is hereby DENIED.

### B. Plaintiffs Have Adequately Stated their Claims Against Pevida and Tao.

Defendants argue Plaintiffs have failed to state any New York law claims against Pevida and Tao because officers and directors are not held personally liable for their companies' actions. Motion at 10-12. However, officers and directors are personally liable for their individual torts, and Plaintiffs have sufficiently pled that Pevida and Tao were personally involved in tortious conduct. *Fletcher v. Dakota, Inc.*, 948 N.Y.S.2d 263, 267 (1st Dep't 2012) (citations omitted) (stating "a corporate officer who participates in the commission of a tort may be held individually

liable[.]"); Amended Complaint at ¶¶ 37-87. Furthermore, for claims under the Lanham Act, officers and directors who participate in a corporation's infringement may be held personally liable. *Microsoft Corp. v. Computer Care Ctr., Inc.*, 06-CV-1429, 2008 WL 4179653, at *7 (E.D.N.Y. Sept. 10, 2008) (Townes, J.) (citations omitted). Plaintiffs have sufficiently alleged Pevida's and Tao's participation and control over the infringement. Amended Complaint at ¶¶ 37-87. Accordingly, the Court finds Plaintiffs have sufficiently stated their Lanham Act and New York state law claims against Pevida and Tao. Defendants' motion to dismiss on this ground is hereby DENIED.

## CONCLUSION

For the reasons set forth above, the Defendants' Motion, Dkt. 45, is hereby DENIED in its entirety.

**SO ORDERED.**

s/WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: December 21, 2015
Brooklyn, New York