```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JMC RESTAURANT HOLDINGS, LLC, and       :
JMC RESTAURANT HOLDINGS                 :
INTERNATIONAL, LLC,                     :
                                        :
                    Plaintiffs,         :
                                        :
        v.                              :
                                        :
MARCELO PEVIDA, JIA JU TAO, TOM TAO,    :
FRONT STREET RESTAURANT CORP., and      :
TAO INVESTMENT GROUP,                   :
                                        :
                    Defendants.         :
------------------------------------------------------------X
FRONT STREET RESTAURANT CORP.,          :
MARCELO PEVIDA, and JIA JU TAO,         :
                                        :
                Third-Party Plaintiffs, :
                                        :
        v.                              :
                                        :
FRANK CIOLLI,                           :
                                        :
                Third-Party Defendant.  :
------------------------------------------------------------X
```

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ AUG 29 2019 ★

BROOKLYN OFFICE

**DECISION & ORDER**
14-CV-6157 (WFK) (VMS)

**HON. WILLIAM F. KUNTZ, II United States District Judge:**

JMC Restaurant Holdings, LLC and JMC Restaurant Holdings International, LLC ("Plaintiffs") initiated this action alleging primarily that Marcelo Pevida, Front Street Restaurant Corp., and Jia Ju Tao ("Defendants") violated the Lanham Act in connection with the use of certain trademarks in China. *See* Compl., ECF No. 1. On October 18, 2017, Plaintiffs filed a motion for attorneys' fees to be awarded in connection with an October 6, 2017 Order to Show Cause before this Court. *See* ECF No. 180. On June 20, 2018, Magistrate Judge Vera M. Scanlon issued a report in which she recommended Plaintiffs' motion be granted in part and denied in part and Plaintiffs be awarded $8,998.50. *See* June 20, 2018 Report & Recommendation ("Report"), ECF No. 190. For the reasons that follow, the Court adopts the Report in its entirety, and Plaintiffs' motion for attorneys' fees, ECF No. 180, is hereby GRANTED in PART and DENIED in PART.

## BACKGROUND

The Court assumes familiarity with the factual and procedural history of this case as set forth in the Report. *See* Report at 1-3. Briefly, on October 4, 2016, the parties entered mediation

1

and subsequently executed a settlement stipulation contemplating a long-form settlement agreement. *See* September 28, 2017 Report & Recommendation at 2, ECF No. 169. On June 23, 2017, Plaintiffs filed a motion to enforce the settlement stipulation, *see* ECF No. 152, which the Court referred to Magistrate Judge Scanlon, *see* ECF No. 160. On September 28, 2017, Magistrate Judge Scanlon recommended enforcing the stipulation. *See* September 28, 2017 Report & Recommendation.

On October 1, 2017, Plaintiffs wrote to the Court to expedite its consideration of Magistrate Judge Scanlon's September 28, 2017 Report. *See* ECF No. 170. Two days later, the Court ordered Defendants to show cause why the settlement agreement should not be enforced. *See* ECF No. 172. On October 6, 2017, the Court held a show cause hearing, *see* October 6, 2017 Minute Entry, and adopted Magistrate Judge Scanlon's September 28, 2017 Report after reviewing Defendants' objections, *see* ECF No. 175. The Court granted Plaintiffs' motion to enforce the settlement stipulation and further ordered Defendants to pay "reasonable attorneys fees and costs incurred in connection with the Order to Show Cause." ECF No. 175 at 3.

Plaintiffs accordingly filed a motion to recover $14,314.00 in attorneys' fees on October 18, 2017, *see* ECF No. 180, which the Court referred to Magistrate Judge Scanlon, *see* October 19, 2017 Order Referring Motion. On June 20, 2018, Magistrate Judge Scanlon, after reviewing the parties' submissions, issued a report in which she recommended Plaintiffs' motion be granted in part and denied in part and Plaintiffs be awarded $8,998.50. *See* ECF No. 190. Defendants filed their objections to the Report on July 5, 2018, *see* Defs.' Objs. to the Report & Recommendation Dated June 20, 2018 ("Def. Mem."), ECF No. 192, and Plaintiffs filed their reply in opposition to Defendants' objections on July 18, 2018, *see* Pls.' July 18, 2018 Ltr. in

Opp'n to Defs.' Objs. to the Report & Recommendations Dated June 20, 2018 ("Pl. Mem."), ECF No. 193.

## DISCUSSION

### I. Standard of Review

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).[1] Objections to a report and recommendation must be "specific and are to address only those portions of the proposed findings to which the party objects." *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (Owen, J.) (internal quotation marks and citations omitted). "Where 'the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error.'" *Norman v. Metro. Transp. Auth.*, 13–CV–1183, 2014 WL 4628848, at *1 (E.D.N.Y. Sept. 15, 2014) (Matsumoto, J.) (quoting *Zaretsky v. Maxi-Aids, Inc.*, 10-CV-3771, 2012 WL 2345181, at *1 (E.D.N.Y. June 18, 2012) (Feuerstein, J.)).

Similarly, "'new arguments and factual assertions cannot properly be raised for the first time in objections to [an] R&R, and indeed may not be deemed objections at all.'" *Williams v. Town of Hempstead*, 16-cv-1992, 2019 WL 1403114, at *7 (E.D.N.Y. Mar. 28, 2019) (Spatt, J.) (quoting *Tarafa v. Artis*, 10 Civ. 3870, 2013 WL 3789089, at *2 (S.D.N.Y. July 18, 2013)

---

[1] Plaintiffs argue the Report "should be given the effect of an order under 28 U.S.C. § 636(b)(1)(A)" and therefore "reviewed under a clearly erroneous standard." Pl. Mem. at 1. Because the Court considers Magistrate Judge Scanlon's Report as a report and recommendation, and not a pretrial order, the Court applies a *de novo* standard of review to the portions of the Report to which Defendants have properly objected. *See* Fed. R. Civ. P. 72(b)(3); *accord McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009) (summary order) ("Attorneys' fee determinations are considered 'dispositive' for purposes of Rule 72 of the Federal Rules of Civil Procedure." (citing *Williams v. Beemiller, Inc.*, 527 F.3d 259, 265 (2d Cir. 2008))).

3

(Nathan, J.)). Indeed, an objecting "'party waives any arguments *not* presented to the magistrate judge.'" *DeJesus v. Comm'r of Soc. Sec.*, 13-cv-2251, 2014 WL 5040874, at *1 (S.D.N.Y. Sept. 29, 2014) (Nathan, J.) (emphasis in original) (quoting *Watson v. Geithner*, 11 Civ. 9527, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013) (Nathan, J.)); *see also Abu-Nassar v. Elders Futures, Inc.*, 88 Civ. 7906, 1994 WL 445638, at *4 n.2 (S.D.N.Y. Aug. 17, 1994) (Leisure, J.) (dismissing new arguments not raised before the Magistrate Judge as "untimely" because entertaining them would "undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Report is issued to advance additional arguments")).

## II. Analysis

In their objections, Plaintiffs argue: (1) the Report fails to recognize Plaintiffs are not entitled to any attorneys' fees whatsoever, *see* Pl. Mem. at 4-7; and (2) in the alternative, the award recommended in the Report is unreasonable, *see id.* at 7-8. The Court has conducted a *de novo* review of the relevant portions of the Report to which Defendants object and concludes the objections are without merit. The Court turns to Defendants' objections in turn.

### A. Plaintiffs Are Entitled to Attorneys' Fees

Defendants object to the Report on the ground that it fails to recognize Plaintiffs are not entitled to any attorneys' fees as a matter of law. *See* Def. Mem. at 4-7. But Defendants have waived their opportunity to object to the Report on this ground. *First*, at the October 6, 2017 show cause hearing, this Court afforded Defendants the opportunity to show cause as to why an attorneys' fees award should not issue. *See* ECF No. 172 at 2. In fact, this Court ordered Defendants to show cause as to "why an order should not be made and entered herein . . . ordering that Defendants . . . pay all reasonable attorneys' fees in connection with this Order to Show Cause." *Id.* But Defendants did not object to the issuance of attorneys' fees at that time.

4

Rather, by October 9, 2017, Defendants all but conceded Plaintiffs' right to attorneys'fees under the Court's earlier order, noting: "[P]ursuant to the Order and the October 6, 2017 record[,] all litigation between these parties should have been over, except for Plaintiffs' right to request reasonable attorneys' fees in connection with the Order to Show Cause." ECF No. 177 at 1-2.

*Second*, Plaintiffs did not raise this argument in its opposition to Plaintiffs' motion for attorneys' fees before the Magistrate Judge. *See* ECF No. 183 at 1-3. Rather, Plaintiffs' argument to the Magistrate Judge was restricted solely to the reasonableness of the fee Plaintiffs requested. *See id.* Nowhere in its opposition to Plaintiffs' motion did Defendants question this Court's inherent authority to impose attorneys' fees, *see id.*, and it is not properly raised for the first time here, *see, e.g., Forman v. Artuz*, 211 F. Supp. 2d 415, 418 & n.8 (S.D.N.Y. 2000) (Berman, J.) (declining to consider arguments not raised before the Magistrate Judge (citing *Robinson v. Keane*, 92 CIV. 6090, 1999 WL 459811, at *4 (S.D.N.Y. June 29, 1999) (Haight, J.))). Defendants have thus waived the argument. *See id.*

### B. The Award Recommended in the Report Is Reasonable

Defendants also argue the award of $8,998.50 recommended in the Report is unreasonable. *See* Def. Mem. at 7-8. The Magistrate Judge awarded Plaintiffs' counsel: (1) $3,735.00 for the work of Barry Benjamin at a rate of $450.00 per hour for 8.3 hours; (2) $4,704.00 for the work of Olivier Beabeau at a rate of $350.00 per hour for 13.44 hours; (3) $420.00 for the work of Jeremy Schachter at a rate of $200.00 per hour for 2.1 hours; and (4) $139.50 for the work of Sunshine Nye at a rate of $90.00 per hour for 1.55 hours. Defendants do not object to the reasonableness of the fees awarded to Mr. Schachter or Ms. Nye. The Court agrees with the Magistrate Judge's calculation of hours and rates as to Mr. Schachter and Ms. Nye and finds them to be fair and reasonable.

Defendants do, however, object to the hours calculated in the Report as to Mr. Benjamin and Mr. Beabeau. *See* Def. Mem. at 7-8. Specifically, Defendants argue this Court should award fees as to Mr. Benjamin for only 6 hours of work and as to Mr. Beabeau for only 10 hours of work, rendering the total fee award $6,759.50. *Id.* The Court turns to Defendants' objections in turn.

### 1. Legal Standard

A Court's award of attorneys' fees must be "reasonable." *Bergerson v. N.Y. State Office of Mental Health*, 652 F.3d 277, 289-90 (2d Cir. 2011). The prevailing approach for determining reasonableness is the "lodestar" method, in which courts multiply a reasonable hourly rate by a reasonable number of expended hours. *See id.*; *see also Perdue v. Kenny A.*, 559 U.S. 542, 546 (2010).

When considering the reasonableness of hours expended, a "district court examines the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case." *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997). Because fee applicants bear the burden of establishing an appropriate number of hours expended, *see Hensley v. Eckhart*, 461 U.S. 424, 434 (1983), the starting point of the inquiry is counsel's contemporaneous time records, *see U.S. Bank, N.A. v. Byrd*, 854 F. Supp. 2d 278, 287 (E.D.N.Y. 2012) (Matsumoto, J.) (citing *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 756, 764 (2d Cir. 1998)). Where the documentation of hours is inadequate—*i.e.*, where the time records reflect expended hours that are excessive, redundant, duplicative, or otherwise unnecessary—the district court may adjust the number of hours expended and reduce the award accordingly. *See, e.g., Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley*, 461 U.S. at 437). Thus, the district court has discretion "to make across-the-board percentage cuts in hours as a practical

means of trimming fat from a fee application." *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987) (internal quotation marks and citation omitted).

### 2. Hours Expended by Mr. Benjamin

Plaintiffs request compensation for the services of Mr. Benjamin, who reported the following hours expended and services rendered: (1) on October 3, 2017, 0.2 hours reviewing the Court's Order to Show Cause and sending emails to Mr. Beabeau regarding their upcoming court appearance; (2) on October 5, 2017, 3.3 hours calling Mr. Beabeau about the court appearance, reviewing, researching, and revising Plaintiff's letter to the Court, which included a proposed order, sending emails to Mr. Beabeau, and preparing for the court appearance; (3) 6 hours preparing for the court appearance, calling Mr. Beabeau, and "dealing with obtaining a warrant of eviction, process, and procedure in New York for acting on eviction to ensure ouster" on October 6, 2017. ECF No. 181 at 5.

In response to Plaintiffs' initial fee application, Defendants asserted Mr. Benjamin's October 6, 2017 services involving eviction were beyond the scope of the Order to Show Cause—these services, should have included only that day's two-and-one half hearing. ECF No. 183 ¶ 5. The Magistrate Judge found this argument persuasive in part, noting "Plaintiffs' filing fails to distinguish the hours preparing for and following the hearing." Report at 9. She accordingly reduced Mr. Benjamin's October 6, 2017 hours by 20%—from 6 hours to 4.8 hours—citing the Court's authority to "'trim[] the fat,'" and she found Mr. Benjamin reasonably expended a total of 8.3 hours. *Id.* (alteration in original) (quoting *Green v. City of New York*, 403 F. App'x 626, 630 (2d Cir. 2010) (summary order)).

Defendants now assert the following objection with respect to Mr. Benjamin's fee:

> Barry Benjamin submitted 6 hours of time for various services conducted on October 6, 2017. The Report agreed with Defendants['] objection to these hours

7

and that only the 2.5 hours spent on the hearing was relevant to the services
performed on that day. Yet, the Report only recommends a 20% reduction from 6
to 4.8 hours. Defendants respectfully submit that a greater reduction must be issued.
Preferably, Mr. Benjamin['s] October 6, 2017 hours should be reduced to 2.5 hours.
In turn, Mr. Benjamin's total hours would be reduced to 6 at $450.00 per hour, as
recommend by the Report, for a total of $2,700.00 due.

Def. Mem. at 7.

The Court overrules Defendant's specific objection and adopts the Report's reduction to 4.8 hours. Mr. Benjamin not only reasonably expended time providing legal services at the hearing, but his time sheets also reflect he spent time preparing for the court appearance and conferring with his co-counsel, Mr. Beabeau. The 20% reduction from 6 hours to 4.8 hours appropriately accounts for Mr. Benjamin's improper inclusion of eviction services. Imposing this percentage cut in hours is well within the Court's discretion to "trim the fat from a fee application." *In re Agent Orange*, 818 F.2d at 237 (internal quotation marks and citation omitted). The Court therefore finds Mr. Benjamin reasonably expended a total of 8.3 hours.

Defendants do not object to the hourly rate the Magistrate Judge assigned to Mr. Benjamin, and the Court agrees an hourly rate of $450.00 is appropriate. Plaintiffs are thus entitled to an award of $3,735.00 for the services of Mr. Benjamin.

### 3. Hours Expended by Mr. Beabeau

Plaintiffs request compensation for the services of Mr. Beabeau, who reported the following hours expended and services rendered: (1) 4.6 hours evaluating the opposition to the letter to expedite, addressing the Order to Show Cause, sharing telephone calls, and emails with the counsel for the landlord, client, and Frank Ciolli regarding the same on October 3, 2017; (2) 4.8 hours coordinating the show cause hearing with the landlord, calling counsel and the client regarding the "hearing and related matters," developing the proposed order, and conducting related legal research on October 4, 2017; (3) 3.3 hours revising the proposed order, calling New

York counsel, the property's landlord, and Frank Ciolli, and having communications with the client on October 5, 2017; (4) 0.6 hours communicating with New York counsel and reviewing objections submitted by Defendant; and (5) on October 9, 2017, 0.6 hours developing and completing a declaration in connection with this fee application on October 6, 2017. ECF No. 182 at 5-6. Mr. Beabeau also reported he expended 1.70 hours on September 29, 2017, 1.50 hours on September 30, 2017, and 0.10 hours on October 2, 2017. *Id.*

The Magistrate Judge reduced Mr. Beabeau's hours to reflect solely Mr. Beabeau's work in connection with the Order to Show Cause, which the Court did not issue until October 3, 2017. *See* Report at 10-11. She accordingly did not consider hours expended prior to the Court's Order. *Id.* She also reduced Mr. Beabeau's October 3, 2017 hours by 10% to 4.14 hours to account for services regarding the letter to expedite, which she found was outside the scope of the Court's Order. *Id.* at 10. The Magistrate Judge declined, however, to further reduce Mr. Beabeau's hours, noting with respect to his October 4, 2017 time sheets, which Defendant argued were too vague and excessive: "[T]hese hours are appropriate given the immediacy of the stakes for Plaintiffs and the expedited process of the Show Cause Order." *Id.* at 11. The Magistrate Judge further found Mr. Beabeau's expended hours of 4.8 hours on October 4, 2017, 3.3 hours on October 5, 2017, 0.6 hours on October 6, 2017, and 0.6 hours on October 9, 2017 reasonable and appropriate, and she concluded Mr. Beabeau reasonably expended a total of 13.44 hours. *Id.* at 11-12.

Defendants now assert the following objection with respect to Mr. Beabeau's fee:

> Olivi[er] Beabeau asserted he spent 17.2 hours on the Order to Show Cause. The Report recommends a 3.76 reduction. Defendants respectfully submit such a reduction is insufficient. Namely, although the report agrees with Defendants argument that Mr. Beabeau's time spent evaluating the opposition to the letter to expedite is not compensable, the Report only reduces such time by 10%, from 4.6 to 4.14. Defendants respectfully submit that Mr. Beabeau hours should be further

9

> reduced to a more reasonable amount. Preferably, Mr. Beabeau's hours should be reduced to 10 hours at $350.00 per hour, as recommended by the Report, for a total of $3,500.00 due.

Def. Mem. at 7-8. In arguing the Court should reduce Mr. Beabeau's hours from 13.44 hours to 10 hours, Defendants specifically object only to the Magistrate Judge's 10% reduction of Mr. Beabeau's expended hours on October 3, 2017. Accounting only for this narrow objection, as this Court must do in reviewing a Magistrate Judge's Report, Defendant therefore argues this Court should reduce Mr. Beabeau's expended hours on October 3, 2017 to 0.7 hours.

The Court overrules Defendants' specific objection and adopts the Report's reduction of Mr. Beabeau's time expended on October 3, 2017 to 4.14 hours. Mr. Beabeau's October 3, 2017 entry includes time expended addressing the Order to Show Cause and engaging in numerous telephone calls and email exchanges, including those with counsel for the landlord, client, and Frank Ciolli. That it would take 4.14 hours to address these items is reasonable and appropriate. That it would take 0.46 hours to evaluate Defendants' opposition to Plaintiffs' request to expedite is similarly reasonable. Coordinating all of the above calls and emails and addressing the Order to Show Cause would certainly require more than 0.7 hours of work. A 10% reduction from 4.60 hours to 4.14 hours is therefore appropriate and, again is well within the Court's discretion. The Court therefore finds Mr. Beabeau expended a total of 13.44 hours.

As with Mr. Benjamin, Defendants do not object to the hourly rate the Magistrate Judge assigned to Mr. Beabeau, and the Court agrees an hourly rate of $350.00 is appropriate. Plaintiffs are thus entitled to an award of $4,704.00 for the services of Mr. Benjamin.

## CONCLUSION

Upon a careful review of Magistrate Judge Scanlon's Report, ECF No. 190, and the objections filed thereto, the Court affirms and adopts the Report in its entirety. For the reasons

stated in this decision and order, Plaintiffs' motion for attorneys' fees, ECF No. 180, is hereby GRANTED in PART and DENIED in PART. Plaintiffs are awarded $8,998.50 in attorneys' fees.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: August 28, 2019
 Brooklyn, New York